UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-289-FDW

| | |
|---|---|
| JAMES HALL, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| JOHN BRADSHAW, Jail Sergeant, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

According to the website of the North Carolina Department of Public Safety, Plaintiff is a prisoner of the State of North Carolina following his conviction on May 14, 2013, on the charge of attaining the status of a habitual felon (principal). Plaintiff's projected release date is April 10, 2019. In his pro se complaint, Plaintiff contends that while he was detained in the Haywood County detention center, presumably awaiting disposition of the habitual felon charge, his request for a Native American bible was denied. In response to his repeated requests, Plaintiff was informed that the detention center was state funded and as a consequence there were no funds available to fulfill Plaintiff's request. However, Plaintiff was informed that if his family could deliver the bible to the detention center then jail staff would ensure that Plaintiff received it.

Plaintiff argues that the failure to provide him with the bible has deprived him of the right to the free exercise of religion. Plaintiff maintains that he began requesting the bible in

1

December 2012. In his claim for relief, Plaintiff seeks $25,000 in damages for every day that he has been deprived of the bible.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." During this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). Upon review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Section 1983 does not provide for a set of substantive rights but instead provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." City of Monterrey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 749 n.9 (1999) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).The First Amendment Free Exercise Clause, made applicable to the states through the due process clause of the Fourteenth Amendment, see Cantwell v. Connecticut, 310 U.S. 296, 303 (1940), "requires government respect for, and noninterference with, the religious beliefs and

practices on our Nation's people." Cutter v. Wilkinson, 544 U.S. 709, 719 (2005). However, federal law "does not require a State to pay for an inmate's devotional accessories." Id. at 720 n.8 (citing Charles v. Verhagen, 348 F.3d 601, 605 (7th Cir. 2003) (providing that while the plaintiff could not be prevented from possessing Islamic prayer oil, the inmate was nevertheless held responsible for purchasing the oil). See, e.g., Kaufman v. Schneiter, 474 F. Supp. 2d 1014, 1026 (W.D. Wis. 2007) ("[P]rison officials are not required to locate, purchase or provide religious items for inmates . . .[t]hey are only required to refrain from interfering with inmates' ability to locate, purchase and obtain such materials on their own. . .") (citing Lewis v. Sullivan, 279 F.3d 526, 528 (7th Cir. 2002) ("[T]here is no constitutional entitlement to subsidy.").

Plaintiff contends that officials at the Haywood County detention center violated his rights because they did not provide him with his bible of choice. His complaint acknowledges that prison officials would have provided him with the bible if his family delivered one to the prison, and Plaintiff offers no allegations that prison officials in any way impeded his access or ability to contact people outside the prison to secure the bible, other than the fact of his incarceration. As the foregoing case law demonstrates, the States have no obligation to purchase Plaintiff's bible of choice, and there are no allegations that defendants have refused him the right to seek it from a source outside the prison.

For the reasons stated herein, the Court finds that Petitioner has failed to state a cognizable claim upon which relief may be granted and his complaint will therefore be dismissed.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. (Doc. No. 1). 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is directed to close this case.

Signed: November 14, 2013

Frank D. Whitney
Chief United States District Judge